St. Louis Southwestern Railway Company of Texas v. W. J. Burke.

Decided January 6, 1906.

**Delay in Transporting Saw Mill Machinery—Rental Value—Evidence.**

While the plaintiff testified he did not know the rental value of the saw mill, he further testified that it had a capacity of 20,000 feet per day, and when using said mill he made from $12.50 to $15 per day net. There was other evidence to the effect that saw mills usually rented for one-fourth of the output, and that lumber was worth $6 per 1,000 feet at the mill. Held, that the evidence was sufficient to enable the jury to determine the rental value of the saw mill.

Appeal from the County Court of Cherokee County. Tried below before Hon. Jas. P. Gibson.

*E. B. Perkins, Marsh & McIlwaine* and *J. S. McIlwaine,* for appellant.

*Guinn, Norman & Guinn,* and *W. H. Shook,* for appellee.—The evidence was sufficient to require the court to submit the question of rental value to the jury. Texas & Pac. Ry. v. Hassell, 23 Texas Civ. App., 681; Yoakum v. Dunn, 1 Texas Civ. App., 524; Equitable Mort. Co. v. Weddington, 2 Texas Civ. App., 373; Baumbach v. Gulf, C. & S. F. Ry., 4 Texas Civ. App., 650; Houston & T. C. Ry. v. Hill, 63 Texas, 381; Western U. Tel. Co. v. Bowen, 84 Texas, 476; Western U. Tel. Co. v. Brown, 84 Texas, 54.

PLEASANTS, Associate Justice.—This suit was brought by appel-

lee against appellant to recover damages for alleged negligent delay in the transportation of a saw mill outfit shipped by him over appellant's railway, and for the recovery of the cost of transferring said machinery from one car to another which cost had been paid by appellee.

The plaintiff alleged in substance that he delivered the saw mill outfit to the defendant at Rusk, Texas, on November 17, 1903, for shipment to Huntington, Texas, near which place he had arranged to begin the operation of a saw mill; that appellant was notified of the purpose for which the machinery was being shipped, and that it negligently delayed its shipment for a period of 15 days; that by reason of said delay he was damaged in the sum of $150, which sum was the reasonable value of the use, hire and rental of the machinery during said time. An item of $7 was also claimed as cost of transferring the machinery from one car to another.

The defendant answered by general and special exception, general denial, and special plea in which it avers that it had no notice at the time it received the machinery for shipment of the purpose for which it was to be used.

The suit was brought in a Justice Court and carried to the County Court on appeal. The trial in the County Court resulted in a verdict and judgment in favor of plaintiff for $157.

No question is raised on this appeal as to the sufficiency of the evidence to sustain the verdict for the $7 claimed as cost of transferring the machinery from one car to another, but it is contended that there was no evidence, as to what was the rental value of the machinery, and that the trial court erred in submitting that issue to the jury.

The assignment and proposition relied on to reverse the judgment of the trial court are as follows:

"The court erred in that part of its main charge wherein it charged the jury as follows: 'If you find that the defendant had notice of the purpose for which such machinery was being shipped at the time of making the contract, if any, and that the loss of the use of said property was fairly in contemplation of the parties at the time the contract was made, then the measure of damages on the breach of said contract by defendant would be the fair cash rental value of said machinery during the time it was negligently and unreasonably detained by defendant, not to exceed 15 days and not to exceed $10 per day, and such sum, if any, as you may find the plaintiff to be entitled to for reloading car at Rusk, not to exceed $7.' "

First proposition under said assignment of error: "The evidence failing to show that the machinery in question had a fair cash rental value, and there being no facts proven from which such fair cash rental value could be reasonably determined, it was error for the court to submit such element of damage to the jury."

We do not think the assignment should be sustained. It is true plaintiff testified that he did not know the rental value of the machinery, that he had never rented an outfit of this kind and did not know how to arrive at the rental value of a saw mill; but he further testified that he had made by the use of this machinery, for a year before and after the time covered by the delay in its shipment, an average of from $12.50 to $15.00 per day after paying all the costs of operation. The machinery

constituted a complete saw mill outfit, and when set up had a capacity of 20,000 feet per day. Dr. T. J. Wiggins, who testified for plaintiff, stated that saw mills were usually rented for a portion of the output, the owner of the mill getting one-fourth. He further testified that the average value of the product of a saw mill, at the mill, was $6 per 1,000 feet.

From this evidence it appears that the value to appellant of the use of the mill outfit of which he was deprived by the delay in its shipment exceeded the amount claimed in his petition, and under the usual custom shown by the evidence by which saw mills were rented for one-fourth of their product, the rental value of an outfit of the capacity of the one in question was not less than the amount found by the jury.

We are of opinion that the judgment of the court below should be affirmed and it has been so ordered.

*Affirmed.*